Mr. Justice Smith
delivered the opinion of the court.
This was an action of detinue tried in the circuit court of *404 Franklin, in 1847. The subject of the suit was a slave named Charles, who was claimed by the plaintiff in error, under the will of Willis Magee, deceased, the ancestor of plaintiff’s intestate. Yerdict and judgment were rendered for the defendant, and a motion was made for a new trial. This motion was overruled. The plaintiff excepted to the judgment on the motion, and the evidence introduced on the trial was embodied in his bill of exceptions. Five other cases of detinue, between the plaintiff and different defendants, supposed to depend upon the same title and the same facts, were submitted to the same jury by which this case was tried. During the progress of the trial below, the plaintiff’s counsel asked the witness, Stewart, who had been introduced by defendant, whether there was not property sufficient, of the estate of Willis Magee, to pay all debts against said estate without an abatement of the legacy of the slave sued for. This question was disallowed by the court. After the evidence was closed, the defendant’s counsel requested the court to charge, that unless the jury believed, from the evidence, that the estate of Willis Magee had been finally settled, or that the probate court had rendered a decree in favor of the plaintiff or his intestate, (Phillip Magee,) for the property sued for; or, that Stewart, the administrator de bonis non of Willis Magee, had given his assent that the plaintiff or his intestate should have the property, the legal title to the same was prima fade in Stewart, the administrator, and not in plaintiff as administrator of Phillip Magee, and they should find for defendant. This instruction was given. In Magee v. Gregg, 11 S. & M. 70, which was submitted with the case at bar, and tried by the same jury, this court held that this instruction was erroneous, and that the question propounded to the witness, Stewart, was proper, and should have been answered.
The judgment in Magee v. Gregg must determine our decision in the case under examination, unless, as it is insisted, the facts of these two cases are materially different.
It appears from the evidence, that Willis Magee, the father of plaintiff’s intestate, died in 1827. By his will, which was dated in 1825, and admitted to probate in 1827, he gave to his *405 wife, Asha Magee, a life estate, in a negro woman named Rose; and after her death, he gave Rose to his son Phillip. Rose was the mother of Charles, the slave in controversy ; and the time of his birth, whether before or after the death of the testator, becomes an important subject of inquiry.
If Charles was born after the death of the testator, he was the property of Asha Magee for her life; and at her death the title to him vested in Phillip’s personal representatives, as he died after the testator, and before the widow. Upon the hypothesis that Charles was born after the death of the testator, the ruling of the circuit court was evidently erroneous, and its judgment should be reversed. But if his birth occurred during the life of the testator, he did not pass by virtue of the bequest contained in his will, to the widow or to Phillip. He remained a portion of the undivided estate of the testator. Upon this latter supposition the question addressed to the witness, Stewart, by plaintiff's couusel, was irrelevant and improper, and should not have been answered. It was immaterial whether or not there was property, independent of the slave in controversy, of the estate of Magee, sufficient to pay the debts, if it were the fact that the plaintiff as legatee had no title to him. The same observation is applicable to the instruction given at the instance of defendant’s counsel. The denial or proof of any fact pointed at in the instruction could in nowise have affected the claim of the plaintiff, if it were proved on the trial that the slave in controversy was a part of the estate of Willis Magee, not disposed of by his will, but that he was subject to sale or distribution under the order of the probate court; and that the defendant held title to him by virtue of a regular sale made, by the administrator de bonis non. It is settled that the verdict of the jury will not be disturbed, because irrelevant testimony has been excluded, or irrelevant instructions have been given' or refused, if it is apparent that the jury have not been misled, and have not thereby been induced to return a verdict contrary to the law or the evidence. Etiing v. Bank U. S., 11 Wheat. 75; 4 How. 388.
What was the evidence in the cause? Elizabeth Magee stated in substance that she was acquainted with the children *406 of Rose. Knew them to be her children by information derived from Asha Magee. Knew that Charley was the child of Rose, and that Rose had some children at the death of Willis, Magee.
Mrs. Parker deposed that Rose had seven children. Charley was her oldest child. Thinks that Rose had two or three children before the death of Willis Magee. On cross-examination states, that she is almost certain that Rose had two children before the death of Magee.
The inventory of the personal estate of Willis Magee, dated the 3d of September, 1827, was introduced as evidence, by the plaintiff. This shows that Rose and her child Charley were inventoried and appraised as the property of said Magee. There is no evidence in the record which contradicts the testimony of Mrs. Magee and Mrs. Parker, and their testimony is sustained and rendered certain by the evidence derived from the inventory. The distinct and uncontradicted evidence adduced on the tpial, shows that the slave Charles was not bequeathed to the plaintiff’s ' intestate, and that no title whatever vested in him as a legatee under the will. On the other hand, the title of the defendant is proved to be perfect, so far at least as it is involved in the present contest. The verdict of the jury was correct, according to the law and the facts, and if it were conceded that the court below erred in the instruction which it gave, we would not be authorized to disturb it,» as there is no probability that a different result would follow upon another trial. I S. & M. 29 ; Graham on New Trials, 246, 401.
Let the judgment be affirmed.